# EXHIBIT A

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
|  | CASE TYPE: Civil |

| Nicholas James Duchateau, | Court File Number: _____ |
|---|---|
| Plaintiff, |  |
| v. | **SUMMONS** |
| First Advantage Background Services Corp, |  |
| Defendant. |  |

THIS SUMMONS IS DIRECTED TO First Advantage Background Services Corp.

    1. **YOU ARE BEING SUED**. The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

    2. **YOU MUST REPLY WITHIN 20\*\* DAYS TO PROTECT YOUR RIGHTS**. You must give or mail to the person who signed this summons **a written response** called an Answer within 20\*\* days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

    John H. Goolsby
    Goolsby Law Office, LLC
    475 Cleveland Ave. N, Suite 212
    Saint Paul, MN 55104.

    3. **YOU MUST RESPOND TO EACH CLAIM**. The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

**4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20** days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

**5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case**.

**6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated:   10/29/18                              **GOOLSBY LAW OFFICE, LLC**

                                               By:     /s/ John H. Goolsby
                                               John H. Goolsby, #0320201
                                               475 Cleveland Ave. N, Suite 212
                                               Saint Paul, MN 55104
                                               Telephone: (651) 646-0153
                                               jgoolsby@goolsbylawoffice.com
                                               **Attorney for Plaintiff**

2

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
|  | CASE TYPE: Civil |

| Nicholas James Duchateau, | Court File Number: _____ |
|---|---|
| Plaintiff, |  |
| v. | **COMPLAINT WITH JURY TRIAL DEMAND** |
| First Advantage Background Services Corp, |  |
| Defendant. |  |

## PRELIMINARY STATEMENT

1. This action for damages is based on Defendant's false reporting of a felony on Plaintiff's employment background check, and failures to follow reasonable procedures and to conduct reasonable investigations with respect to such information.

## PARTIES

2. Plaintiff Nicholas James Duchateau is a natural person who resides in the city of Saint Paul, County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

3. Defendant First Advantage Background Services Corp ("First Advantage") does business in Minnesota, is a "consumer reporting agency" as that term is defined by

15 U.S.C. § 1681a(f), and is a "business screening service" as that term is defined by Minn. Stat. § 332.70, subd. 1(a).

## FACTUAL ALLEGATIONS

4. In the summer of 2018, Plaintiff applied for a job as a special education teacher in Minneapolis Public Schools ("MPS"), to begin before the start of the 2018-2019 school year.

5. Plaintiff was offered the job, conditioned on the completion of a criminal background check by First Advantage.

6. MPS instructed Plaintiff that new teacher orientation was on August 16-17, 2018, and that he was also to report for work with all staff on August 21.

7. Based on the school district's conditional job offer, Plaintiff suspended his search for jobs elsewhere.

8. However, in a letter dated July 24, 2018, MPS informed Plaintiff that First Advantage had reported that Plaintiff had been convicted of "Cause child 13-18 to view sex."

9. Plaintiff has never been convicted of any such crime.

10. First Advantage's report on Plaintiff was false.

11. MPS provided Plaintiff with a copy of First Advantage's July 23, 2018, report on Plaintiff.

2

12. First Advantage's report stated that "Nicholas James Duchateau" had been convicted in Wisconsin in 2016 of the felony of "CAUSE CHILD 13-18 TO VIEW SEX. ACTIVITY."

13. First Advantage stated that the name on file for the Wisconsin criminal case was, "Nicholas James Duchateau."

14. First Advantage's statement of the name on file in the Wisconsin criminal case was false.

15. As shown in public records, the actual name on file in that criminal case is *Nathan J* Duchateau.

16. Nathan J. Duchateau is a stranger to Plaintiff.

17. First Advantage stated that it searched under the names, "Nicholas Duchateau" and "Nick Duchateau."

18. First Advantage stated that the Wisconsin criminal record was "Full matched" to Plaintiff "by the following identifiers: Last Name, First Name, DOB."

19. First Advantage's statement that the first *and* last names in the Wisconsin criminal record fully matched Plaintiff's was false.

20. First Advantage did not notify Plaintiff that it was reporting public record information on Plaintiff to MPS.

21. MPS informed Plaintiff that because of the Wisconsin criminal record in the First Advantage report, MPS was considering not hiring Plaintiff.

22. Upon reading MPS's July 24 letter and First Advantage's report, Plaintiff was shocked, astonished, and severely and extremely emotionally distressed.

23. On July 27, 2018, Plaintiff disputed the false criminal conviction to First Advantage by email.

24. On August 13, 2018, Plaintiff again disputed the false criminal conviction to First Advantage, this time by telephone.

25. First Advantage never responded to Plaintiff's disputes.

26. First Advantage never corrected its report to MPS.

27. First Advantage is on notice from prior cases of the inadequacy of its practices and procedures to reasonably ensure that it does not report criminal record information on the wrong person. Such cases include without limitation: *Williams v. First Advantage*, 238 F.Supp.3d 1333 (N.D. Fla. 2017) ("First Advantage cannot reasonably assert that this is the first occurrence."); *Taylor v. First Advantage*, 207 F.Supp.3d 1095 (N.D. Cal. 2016); and *Lang v. First Advantage*, NO. 15-CV-2436 (N.D. Ohio 2015).

28. Those prior cases have been insufficient to spur First Advantage to adequately reform its practices and procedures.

29. MPS informed Plaintiff that he would not be allowed to start on August 21 after all.

30. Plaintiff spent time and money communicating with the Wisconsin Department of Justice.

31. Plaintiff submitted his fingerprints to the Wisconsin DoJ.

32. The Wisconsin DoJ ultimately provided Plaintiff with a notarized letter, addressed, "To Whom It May Concern," stating that based on a fingerprint comparison, the DoJ had confirmed that Nicholas James Duchateau is not the person identified with the criminal record in question.

33. Plaintiff spent additional time and money providing the information from the DoJ to MPS.

34. MPS was still hesitant to let Plaintiff begin work without confirmation from First Advantage that its report had been wrong and that Plaintiff's background actually was clean.

35. Eventually, MPS, based on the DoJ documentation, decided to bring Plaintiff on, notwithstanding that First Advantage never updated its report.

36. Plaintiff was delayed from starting his job for MPS until August 24, 2018.

37. Because of First Advantage's false report, Plaintiff lost wages for the days he missed.

38. Because of First Advantage's false report, Plaintiff was not able to receive employment benefits as soon as he should have.

39. Because of First Advantage's false report, Plaintiff had to pay out-of-pocket for emergency dental work that would otherwise have been covered by employer-provided insurance.

40. Because of First Advantage's false report, Plaintiff's teaching job was made more difficult, because he missed new teacher orientation and several days of work in preparation for the start of the school year.

41. Plaintiff remains distressed that any time he might be subject to a criminal background check in the future – for a promotion, for a job with another employer, for a volunteer opportunity, or for any other reason – First Advantage might again report false information on him.

42. As a result of Defendants' actions and omissions, Plaintiff has suffered actual damages, including without limitation loss of income, out-of-pocket expenses, emotional distress, injury to reputation, and inability to be in place at his job in time for new teacher orientation and full preparation for the start of the school year.

43. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

44. At all times pertinent hereto, Defendant acted by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant.

## TRIAL BY JURY

45. Plaintiff is entitled to and hereby requests a trial by jury.

6

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681e(b)

46. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

47. Defendant First Advantage willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer reports.

48. As a result of First Advantage's violations of § 1681e(b), Plaintiff has suffered actual damages, including without limitation loss of income, out-of-pocket expenses, emotional distress, injury to reputation, and inability to be in place at his job in time for new teacher orientation and full preparation for the start of the school year.

49. Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

50. First Advantage's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

51. First Advantage is liable for Plaintiff's costs and attorney's fees, pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681k

52. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

53. Defendant willfully and/or negligently violated 15 U.S.C. § 1681k by failing to either: provide notice to Plaintiff at the time that it was reporting public information on him to MPS; or maintain strict procedures to insure that the information it reported on Plaintiff was complete and up to date.

54. As a result of Defendant's violations of § 1681k, Plaintiff has suffered actual damages, including without limitation loss of income, out-of-pocket expenses, emotional distress, injury to reputation, and inability to be in place at his job in time for new teacher orientation and full preparation for the start of the school year.at the start of the school year.

55. Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

56. Defendant's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

57. First Advantage is liable for Plaintiff's costs and attorney's fees, pursuant to 15 U.S.C. §§ 1681n and 1681o.

8

## COUNT III
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i

58. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

59. Defendant willfully and/or negligently violated 15 U.S.C. § 1681i in multiple ways including without limitation by failing to conduct a reasonable reinvestigation of Plaintiff's dispute(s) and by failing thereafter to appropriately delete or modify information.

60. As a result of First Advantage's violations of § 1681i, Plaintiff has suffered actual damages, including without limitation loss of income, out-of-pocket expenses, emotional distress, injury to reputation, and inability to be in place at his job in time for new teacher orientation and full preparation for the start of the school year.

61. Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

62. First Advantage's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

63. First Advantage is liable for Plaintiff's costs and attorney's fees, pursuant to 15 U.S.C. §§ 1681n and 1681o.

9

## COUNT IV
## VIOLATIONS OF MINN. STAT. § 332.70

64. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

65. Defendant violated Minn. Stat. § 332.70 in multiple ways including without limitation by disseminating a false criminal record on Plaintiff, failing to reasonably investigate Plaintiff's dispute(s), and failing to correct the record.

66. As a result of First Advantage's violations of § 332.70, Plaintiff has suffered actual damages, including without limitation loss of income, out-of-pocket expenses, emotional distress, injury to reputation, and inability to be in place at his job in time for new teacher orientation and full preparation for the start of the school year.

67. Plaintiff is therefore entitled to recover the greater of statutory damages or actual damages pursuant to Minn. Stat. § 332.70, subd. 5(a).

68. First Advantage is liable for Plaintiff's costs and attorney's fees, pursuant to Minn. Stat. § 332.70, subd. 5(a).

## WHEREFORE

Plaintiff prays that judgment be entered against Defendant for:

 a.) Plaintiff's actual damages;

 b.) Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n;

10

c.) Statutory damages pursuant to Minn. Stat. § 332.70, subd. 5(a);

d.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

e.) Reasonable attorney's fees and costs pursuant to Minn. Stat. § 332.70, subd. 5(a);

f.) Such other and further relief as may be just and proper.

Dated: _____10/29/18_____                    **GOOLSBY LAW OFFICE, LLC**

By: _____/s/ John H. Goolsby_____
John H. Goolsby, #0320201
475 Cleveland Ave. N, Suite 212
Saint Paul, MN 55104
Telephone: (651) 646-0153
jgoolsby@goolsbylawoffice.com
**Attorney for Plaintiff**

11

## ACKNOWLEDGEMENT

Plaintiff, by his undersigned counsel, acknowledges that sanctions may be imposed under Minn. Stat. § 549.211.

Dated:   10/29/18                                         **GOOLSBY LAW OFFICE, LLC**

By:      /s/ John H. Goolsby
John H. Goolsby, #0320201
475 Cleveland Ave. N, Suite 212
Saint Paul, MN 55104
Telephone:  (651) 646-0153
jgoolsby@goolsbylawoffice.com
**Attorney for Plaintiff**